# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 3, 2000

## STATE OF TENNESSEE v. NORICO S. WOODS

### Direct Appeal from the Circuit Court for Madison County
### No. 97-450; 97-664; 97-665; 97-666, Roy Morgan, Jr., Judge

---

### No. W2000-00057-CCA-R3-CD - Decided November 3, 2000

---

### ORDER

The appellant, Norico S. Woods, appeals from the order of the Madison County Circuit Court revoking her Community Corrections sentences and reinstating her original nine-year sentence in the Department of Correction.[1] We affirm the judgment of the trial court pursuant to Rule 20, Tenn. Crim. App. R.

Under the terms of a negotiated plea agreement, the appellant pled guilty to one count of possession of cocaine with intent to sell, a Class B felony, and to three counts of sale of cocaine, Class B felonies.[2] The court sentenced the appellant to four concurrent nine-year sentences for these offenses. The trial court ordered 120 days confinement, with the remainder of the sentence to be served in the local Community Corrections program.

In January of 2000, a Community Corrections affidavit was filed, and a warrant issued, alleging that the appellant had violated the conditions of her program by: (1) failing to pay restitution, court costs and fines; (2) failing to report to Community Corrections; and (3) failing to submit to drug screens. In February of 2000, another Community Corrections affidavit was filed, and warrant issued, alleging that the appellant had violated the conditions of her program by: (1) leaving the 26th Judicial District and the State of Tennessee; and (2) failing to perform 100 hours of Community Corrections.

---

[1] Although the appellant presents the issue in her brief as revocation of probation, the record reflects that she was placed on a Community Corrections program rather than probation.

[2] The appellant was indicted on ten counts of possession, delivery and/or sale of cocaine.

A hearing was conducted on March 7, 2000, at which the appellant and her probation officer testified. At the conclusion of the hearing, the trial court found that the appellant had violated the terms and conditions of her Community Corrections program by:

1.     Failing to report to her probation officer as directed.
2.     Failing to obtain permission to leave the 26th Judicial District.
3.     Failing to pay fines, costs, and restitution.
4.     Failing to complete her community correction service work.
5.     Failing to submit to random drug screens.

Trial counsel stipulated that the appellant violated conditions 1,2, and 4 above. Thereafter, the court reinstated the original nine-year sentence of confinement in the Department of Correction.

The decision to revoke a Community Corrections sentence rests within the sound discretion of the trial court and that decision will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation had occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the evidence is sufficient, the trial court, may pursuant to its discretionary authority, revoke the Community Corrections sentence and require the defendant to serve the original sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(4).

On appeal, the appellant does not contest the grounds supporting revocation.[3] Rather, she argues that the trial court "abused its discretion by not considering other less severe alternatives than service of the entire sentence in the penitentiary." This argument is without merit. We find the record fully supports the trial court's action.

Therefore, the judgment of the Madison County Circuit Court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
DAVID G. HAYES, JUDGE

_____
JERRY L. SMITH, JUDGE

_____
ALAN E. GLENN, JUDGE

---

[3] We note, that, in the appellant's brief, she argues that principles of sentencing apply within a Community Correction revocation hearing. This position is misplaced. The application of sentencing principles appropriate to the appellant's case concluded upon imposition of her sentence. See State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108 (Tenn. Crim. App. at Jackson, May 1, 1996).